IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-1855-N-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institution Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ismael Hernandez Padilla has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be summarily dismissed.

## Background

Petitioner was convicted of aggravated robbery with a deadly weapon and aggravated rape and was sentenced to concurrent terms of fifty years and twenty years of imprisonment. Petitioner has filed numerous state applications for writs of habeas corpus challenging these convictions and the denial of parole, which have been denied on their merits by the Texas Court of Criminal Appeals. *See Ex parte Padilla,* WR-20,423-01 (Tex. Crim. App. Sept. 13, 1989) (aggravated robbery); *Ex parte Padilla,* WR-20,423-02 (Tex. Crim. App. Oct. 18, 2000) (aggravated robbery); *Ex parte Padilla,* WR-20,423-03 (Tex. Crim. App. Oct. 18, 2000) (aggravated rape); *Ex parte Padilla,* WR-

20,423-12 (Tex. Crim. App. Oct. 26, 2011) (aggravated rape); *Ex parte Padilla*, WR-20,423-14 (Tex. Crim. App. Feb. 29, 2012) (aggravated robbery); *Ex parte Padilla*, WR-20,423-17 (Tex. Crim. App. Apr. 17, 2013) (aggravated robbery); *Ex parte Padilla*, WR-20,423-19 (Tex. Crim. App. May 22, 2013) (aggravated robbery). Petitioner also filed state writ applications challenging his convictions and the denial of parole that were dismissed as abuses of the writ. *See Ex parte Padilla,* WR-20,423-04 (Tex. Crim. App. Jan. 24, 2001) (aggravated robbery); *Ex parte Padilla,* WR-20,423-13 (Tex. Crim. App. Jan. 18, 2012) (aggravated robbery). Another three state writ applications challenging his rape conviction were dismissed by the Court of Criminal Appeals because the sentence for that offense has been discharged. *See Ex parte Padilla,* WR-20,423-15 (Tex. Crim. App. Feb. 29, 2012); *Ex parte Padilla*, WR-20,423-16 (Tex. Crim. App. Apr. 17, 2013); *Ex parte Padilla*, WR-20,423-18 (Tex. Crim. App. May 22, 2013).

Petitioner has also filed multiple federal habeas petitions. His first federal challenge to the aggravated robbery conviction was denied. *See Padilla v. Johnson*, No. 3:90-cv-1359-D (N.D. Tex. Oct. 24, 1991). His second challenge to that conviction was transferred to the Fifth Circuit as successive, and a certificate of appealability was denied. *See Padilla v. Thaler*, No. 3:12-cv-485-L (N.D. Tex. Mar. 16, 2012), *COA denied*, No. 12-10384 (5th Cir. Aug. 31, 2012). Currently pending are a habeas challenge to his aggravated rape conviction, *see Padilla v. Thaler,* No. 3:12-cv-2160-M, Dkt. No. 16 (N.D. Tex. May 20, 2013) (Magistrate Judge's recommendation to dismiss case for lack of subject matter jurisdiction), and a habeas challenge to the application of the Texas parole laws to both convictions, *see Padilla v. Thaler*, No. 3:13-cv-1702-N (N.D. Tex.

rec'd Apr. 30, 2013).[1]

Petitioner now seeks post-conviction relief from both convictions on the grounds that (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) the state trial court violated his rights to due process and equal protection; (4) he was improperly denied DNA testing and a polygraph test; (5) his convictions violated the prohibition against double jeopardy; and (6) his convictions were without sufficient evidence.

## Legal standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). A petition is successive when it raises a claim that was or could have been raised in an earlier petition. *See Hardemon v. Quarterman,* 516 F.3d 272, 275 (5th Cir. 2008). A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A)    the applicant shows that the claim relies on a new rule of

---

[1]Petitioner has also attempted to bring civil rights lawsuits alleging wrongdoing in connection with his 1983 convictions and the denial of his parole. *See Padilla v. Pride-Richardson,* No. 3:12-cv-486-B (N.D. Tex. Apr. 12, 2012), *appeal dism'd,* No. 12-10467 (5th Cir. May 3, 2013); *see also Padilla v. Pride-Richardson,* No. 3:12-cv-2394-P (N.D. Tex. Aug. 6, 2012); *Padilla v. Jenkins,* No. 3:11-cv-3509-M-BH, 2012 WL 1161643 (N.D. Tex. Mar. 7, 2012), *rec. adopted,* 2012 WL 1174835 (N.D. Tex. Apr. 9, 2012), *appeal dism'd,* No. 12-10437 (5th Cir. Aug. 10, 2012); *Padilla v. Watkins,* 3:11-cv-2232-M-BK, 2012 WL 1058143 (N.D. Tex. Feb. 2, 2012), *rec. adopted,* 2012 WL 1065463 (N.D. Tex. Mar. 29, 2012), *appeal dism'd,* 491 F. App'x 484 (5th Cir. 2012).

constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his application in federal district court. *Id.* § 2244(b)(3).

A court may dismiss a complaint or any portion thereof filed by a prisoner seeking redress from a governmental entity or employee if it concludes that the allegations are frivolous or malicious. *See* 28 U.S.C. § 1915A(b). A Section 2254 writ that duplicates claims asserted in an earlier-filed action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell,* No. 3:03-cv-340-M, 2003 WL 21418792, at *1 (N.D. Tex. Mar. 26, 2003) (citing *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) and *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)).

## Analysis

Petitioner has previously challenged his aggravated robbery conviction in two federal habeas petitions. *See Padilla v. Johnson*, No. 3:90-cv-1359-D (N.D. Tex. Oct. 24, 1991); *Padilla v. Thaler*, No. 3:12-cv-485-L (N.D. Tex. Mar. 16, 2012), *COA denied*, No. 12-10384 (5th Cir. Aug. 31, 2012). The Court of Appeals has not issued an order

authorizing this Court to consider this successive Section 2254 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed.

Similarly, Petitioner is currently challenging his aggravated rape conviction in a pending 28 U.S.C. § 2254 case. *See Padilla v. Thaler*, No. 3:12-cv-2160-M. Consequently, any collateral challenge to that conviction is duplicative and should be summarily dismissed under 28 U.S.C. § 1915A(b). *See Brock,* 2003 WL 21418792, at *1.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *See id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell,* No. 3:03-cv-768-P, 2003 WL 21448362, at *2 (N.D. Tex. May 5, 2003), *rec. adopted,* 2003 WL 21488150 (N.D. Tex. May 15, 2003) (quoting *Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989)). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the third time Petitioner has tried to collaterally attack his state

convictions in federal district court, and he has attempted to sue individuals related to the convictions in at least three federal civil rights cases. Just last year, nearly identical claims were dismissed as successive. *See Padilla*, No. 3:12-cv-485-L, Dkt. No. 6 at 1-2. Petitioner has already been barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated, since he has had three or more civil cases summarily dismissed as frivolous under the Prison Litigation Reform Act. *See Padilla,* 491 F. App'x at *1. Petitioner should be warned that sanctions may be imposed against him if he files another application for writ of habeas corpus or federal civil rights claim challenging his aggravated robbery and aggravated rape convictions. In addition to monetary sanctions, Petitioner may be barred from filing any other actions in federal district court without the permission of a United States district judge or United States magistrate judge.

## Recommendation

Petitioner's application for writ of habeas corpus should be summarily dismissed. In addition, Petitioner should be warned that sanctions may be imposed against him if he files another application for writ of habeas corpus or federal civil rights claim challenging his aggravated robbery and aggravated rape convictions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE